IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIMOTHY DOYLE YOUNG,
    Petitioner,

v.

MERRICK GARLAND,
    Respondent.

Civil Action No.
1:24-cv-00217-SDG

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) entered by United States Magistrate Judge Justin S. Anand [ECF 2], which recommends that the instant petition for a writ of habeas corpus be dismissed pursuant to 28 U.S.C. § 1406(a) because venue is lacking. Petitioner Timothy Doyle Young has filed objections to the R&R [ECF 4]. After careful consideration of the record, Young's objections are **OVERRULED**, and the R&R is **ADOPTED** in full. This matter is **DISMISSED WITHOUT PREJUDICE**.

**I.   Background**

Young is a federal inmate currently incarcerated at the United States Penitentiary Max ADX in Florence, Colorado.[1] He was convicted in the United States District Court for the District of Colorado for attacking a federal corrections officer. *United States v. Young*, 489 F. App'x 250, 250–51 (10th Cir. 2012). Young has

---

[1]   ECF 1.

filed hundreds of abusive lawsuits and appeals in federal courts across the country. *See, e.g.*, *Young v. Sessions*, 2018 WL 4690961, at *1 (N.D. Ga. July 6, 2018), *report and recommendation adopted*, 2018 WL 4685464 (N.D. Ga. Sept. 27, 2018).

Young filed a document in this Court which the Clerk docketed as a habeas corpus petition brought pursuant to 28 U.S.C. § 2254.[2] Section 2254 cases are, however, limited to state prisoners. *Id.* § 2254(a). As a result, Judge Anand construed the petition as brought pursuant to 28 U.S.C. § 2241 and concluded that the only proper venue for Young's petition is in the District of Colorado where he is incarcerated and where the court would have jurisdiction over Young's custodian.[3] Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought." Judge Anand determined that, given Young's litigation history and the filing restriction imposed by the District of Colorado,

---

[2]   *Id.*

[3]   ECF 2, at 3.

transferring the case would not be in the interest of justice and thus recommended that this matter be dismissed.[4]

## II.     Applicable Legal Standards

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections specifically identifying the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. The district court may consider or decline to consider an argument that was never presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by

---

[4]     *Id.*

3

the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## III. Discussion

In his objections, Young disputes the Magistrate Judge's characterization of his petition as vague and conclusory, and he alleges that the District of Colorado and the Tenth Circuit Court of Appeals are corrupt, that he is denied access to the courts, and that he is under duress.[5] He does not, however, dispute that this Court is the wrong venue for his § 2241 petition or argue that the interests of justice require that this matter be transferred. Accordingly, Young's objections are **OVERRULED**.

## IV. Conclusion

Young's objections [ECF 4] are **OVERRULED**, and the R&R [ECF 2] is **ADOPTED** as the order of the Court. Young's petition for writ of habeas corpus [ECF 1] is **DISMISSED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 2nd day of January, 2025.

_____
Steven D. Grimberg
United States District Judge

---

[5] *See generally* ECF 4.